Athens Branch of the State Bank of Ohio *v.* The M. & C. R. R. Co. et al.

Besides, the claim would be better determined, in an action by the proper parties, upon the bill of lading, where every question, touching the liability of the carrier for damages to the property, could be satisfactorily decided.

It is very clear the carriers have lost their freight. They were entitled to earn it; they have been prevented from doing so by the conduct of Whitney, the plaintiff in error, who without any legal right to detain it, refused to give up the cargo, after demand, attended with a tender of compensation for all the salvage he was entitled to claim. We think, therefore, the amount awarded against the defendant, at special term, was but a just and fair equivalent for the plaintiffs' damages in the loss of their freight.

Judgment affirmed.

---

ATHENS BRANCH OF THE STATE BANK OF OHIO *v.* THE MARIETTA AND CINCINNATI R. R. CO. ET AL.

(No. 8,066.)

1. The Marietta and Cincinnati Railroad Company having its road con-constructed and in operation, from Marietta to Blanchester, and having the use of the Cincinnati and Hillsboro' Railroad track, from Blanchester to Loveland, by virtue of a contract with that railroad company, and having a running arrangement with the Little Miami Railroad Company, whereby the right of that road, from Loveland to Cincinnati, was leased to the Marietta and Cincinnati Railroad Company, for the purpose of transporting its freight and passengers over that road to Cincinnati, and also having built for itself a side-track leading to a depot, owned and used by it, for the reception of freight in the city of Cincinnati, renders it liable to process as a corporation situated in the city of Cincinnati.

2. Such establishment of its road warrants the location of one of its principal offices in the city of Cincinnati.

SPECIAL TERM.—Action brought by the plaintiff as owner and indorsee of a bill of exchange for $5,000, drawn by the

defendant, John P. Barger, at Chillicothe, Ohio, on E. Ludlow, cashier of the Ohio Life Insurance and Trust Company, at New York city and indorsed by the defendant, the Marietta and Cincinnati Railroad Company, by its treasurer, J. R. Crawford. Summons was issued to the sheriff of Hamilton county for the defendant, the Marietta and Cincinnati Railroad Company, which was served upon J. R. Crawford, treasurer of the company, personally. Another summons was issued to the sheriff of Ross county, for the defendant Barger, which was served, personally.

Barger files his answer, asking the court to dismiss the action for the reason that he was not a citizen or resident of the city of Cincinnati, or the county of Hamilton, but was a citizen and resident of Ross county; that he had not been served with process in the county of Hamilton; that the Marietta and Cincinnati Railroad Company was a corporation, created by the laws of the State of Ohio, and had its principal office, or place of business, in the county of Ross, and not in the county of Hamilton, and that no part of the road of the said company passed through or into the county of Hamilton.

The cause was submitted on this issue, and the facts adduced from the testimony sufficiently appear in the decision of the court.

*John Welch* and *Taft & Perry*, attorneys for plaintiff.

*John L. Green, James Sloan and Clark & Penn*, for defendant Barger.

SPENCER, J. So far as the defendant Barger is concerned, he was not properly served with process, unless the action had been rightly brought against the Marietta and Cincinnati Railroad Company, as he had not been served by any process in this county, but by process directed to the sheriff of Ross county. If the action had been rightly brought against the railroad company, the defense must fail.

By the 4th clause of section 14, of the act establishing

this court, we have jurisdiction of "actions brought against a corporation, created by the laws of this State, which is situated in the city of Cincinnati, or has its principal office or place of business therein;" and by section 15 of the same act it is provided that "where any of the above enumerated actions is rightly brought in said court, a summons shall be issued to any county against one or more of the defendants, at the plaintiff's request." The decision of the court, heretofore, has been practically against the position of the defendants; as we have ruled that the county commissioners might be sued in the city of Cincinnati, by virtue of this fourth clause, on the ground that their principal office was within the city, and that the commissioners might be served within the city personally, although the county of Hamilton, being more extensive, could not be said to be within it. It is manifest a railroad of this description could not have its location in the city. Generally speaking, a corporation may be said to be local when the franchise must necessarily be exercised in a given locality. Hence municipal corporations are in their character local; and railroad companies, exercising their franchise within particular limits, or created carriers within certain points, are local so far as the exercise and enjoyment of their franchise is concerned; yet they can not be said to exist as an entire corporation or thing in one county. They have their existence in different counties, and could not be sued unless there was a provision of the law, statutory or common, which allowed an embodiment of the corporation in another way for the purpose of recognition. In this case the railroad company had their office within the district for which they were organized as a company. It was not necessary it should be literally on the road, as a reasonable intendment would allow of a location at any convenient point in the vicinity of the line of the road. It was not necessary the road should have been completed between the termini before the office could be located—nor that a particular line should have been established instead of a general one.

Was the office, then, properly located in this city, when the suit was brought? It appeared that the road was in running order from the eastern terminus to Blanchester, and that a contract was entered into between this company and the Hillsboro road, by which the former was permitted to use the track of the Hillsboro road, for the transaction of its business to Loveland, and that, subsequently, an arrangement (made after the passage of the law which authorized the company to extend its road to Cincinnati,) was effected with the Little Miami Railroad Company, by which the right of the road of the latter company was leased for the purpose of transporting freight and passengers over the road; further, it appeared the Marietta and Cincinnati Railroad had built a side-track, which connected with a depot they had constructed for the reception of freight in this city. Now does this amount to an establishment of their road to the city of Cincinnati, so that an office existing in this city could be said to be within the line of an established road? It does not seem to me necessary, for this purpose, that the company should actually lay down its own rails from one end of the line to the other, to constitute a complete continuous line, when they had formed a contract of union with other companies, and established an independent freight depot connected with their track.

As to the point claimed by defendant, that an office of this description could not be established without the publication of a notice, I do not consider that this was a condition precedent, but directory, and, therefore, the omission of the notice did not render the act void.

The court, therefore, has jurisdiction over the railroad company, which had its principal office properly established in the city, and the issue joined is found in favor of the plaintiff.

If answers are prepared disclosing a meritorious defense, they may be filed.

Leave to file a further answer.